**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

| | | |
|---|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., | * | |
| Plaintiff | * | |
| v. | * | Civil Case No. 8:25-cv-312-PX |
| BEAVER HOSPITALITY, LLC, *et al.* | * | |
| Defendants | * | |

## REPORT AND RECOMMENDATION

This is an action to enforce an arbitration award arising out of a franchisee's failure to comply with the terms of a hotel chain's franchise agreement. Pending before the Court is Plaintiff Choice Hotels International, Inc.'s Motion for Default Judgment. ECF No. 9. For the reasons discussed below, the undersigned recommends that the Motion be granted.

## BACKGROUND

According to Plaintiff's Complaint, Choice Hotels International is a Maryland-based corporation that franchises hotels in the United States and internationally. ECF No. 1, at 1-2. On or about December 31, 2018, Choice Hotels entered into an agreement with Defendant Beaver Hospitality, LLC, a limited liability corporation based in Utah, pursuant to which Choice Hotels authorized it to own and operate an Econo Lodge in Beaver, Utah. *Id.* at 2. Defendant Mita Vagashia agreed to guarantee Beaver Hospitality's performance. *Id.* The Agreement's "arbitration clause" states:

> Except for our claims against you for indemnification or actions seeking to enjoin you from using any of our intellectual property . . . or the Choice-Related Words in violation of this Agreement or any

> other related agreements . . . any controversy or claim arising out of or relating to this Agreement or any related agreements, or the breach of this Agreement or any other related agreements, including any claim that this Agreement or any part of this Agreement or any related agreements is invalid, illegal, or otherwise voidable or void, as well as any claim that we violated any laws in connection with the execution or enforcement of this Agreement or any related agreements and any claim for declaratory relief, will be sent to final and binding arbitration in the state of Maryland . . . . Judgement on the arbitration award may be entered in any court having jurisdiction. . . . Any arbitration will be conducted at our headquarters office in Maryland . . . .

ECF No. 1-1, at 1-2.

On or about January 7, 2021, Choice Hotels sent the Defendants a Notice of Default highlighting the fact that Defendants allegedly had failed to operate the hotel on the property under the Econo Lodge brand. ECF No. 1, at 3. After Defendants allegedly failed to pay the required damages in case of breach, Plaintiff sought to enforce the arbitration clause in the Agreement. *Id.* at 3.

According to the Affidavit in Support of the Motion, on or about December 13, 2023, Choice Hotels filed a demand for arbitration against the Defendants, seeking damages arising out of the breach of the Agreement. ECF No. 9-1, at 1. The arbitration was held in Maryland and applied the laws of Maryland. *See* ECF No. 1, at 3 ("The arbitration was conducted in accordance with the terms of the parties' Arbitration Agreement . . . and the substantive laws of the state of Maryland."). On or about August 19, 2024, the arbitrator entered an award of $138,377.57, plus continuing interest, in favor of Choice Hotels. ECF No. 1-2, at 3.

On January 31, 2025, Choice Hotels filed suit in this Court seeking to enforce the arbitration award under the Federal Arbitration Act, 9 U.S.C. §§ 9, 13. ECF No. 1, at 1. As relief, Plaintiff sought the amount awarded in the arbitration, as well as $400.00 in litigation costs and

post-judgment interest. *Id.* at 6. On August 6, 2025, the Summonses were returned to the Court as executed upon Defendants. ECF No. 6. According to a process server, the materials were left at the Defendants' residences on April 7, 2025, ECF No. 6-1, at 2; ECF No. 6-2, at 2.

On May 21, 2026, Choice Hotels moved for a Clerk's Entry of Default against the Defendants and filed the pending Motion for Default Judgment now before the Court. ECF No. 8; ECF No. 9. On July 9, 2026, the Clerk entered an Order of Default against the Defendants. ECF No. 12. Despite the entry of the Order and the other proceedings in the case, Defendants have failed to make an appearance, answer the Complaint, or otherwise take any action in this case. On July 10, 2026, this case was referred to my chambers for a Report and Recommendation. ECF No. 15.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments, which may be entered by the Clerk of the Court "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation" and the defendant is in default for failing to appear. Fed. R. Civ. P. 55(b)(1). The entry of default judgment is a matter within the discretion of the Court. *SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D. Md. 2002)). Although "the Fourth Circuit has a 'strong policy that cases be decided on the merits,'" *Disney Enters. v. Delane*, 446 F.Supp.2d 402, 405 (D. Md. 2006) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party,'" *id.* (quoting *Lawbaugh*, 359 F.Supp.2d at 421). Default judgment is proper when a defendant is unresponsive. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896-97 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost its summons and did not respond within the proper

period); *Disney Enters.*, 446 F.Supp.2d at 405-06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).

When considering a motion for default judgment, the Court takes as true all well-pled factual allegations in the complaint, other than those pertaining to damages. Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation modified)).

In the Fourth Circuit, district courts analyzing requests for default judgment have applied the standards articulated by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to determine whether allegations within the complaint are "well-pleaded." *See, e.g., Russell v. Railey*, No. 08-cv-2468, 2012 WL 1190972, at *2-*3 (D. Md. Apr. 9, 2012); *United States v. Nazarian*, No. 10-cv-2962, 2011 WL 5149832, at *3 (D. Md. Oct. 27, 2011); *Balt. Line Handling Co. v. Brophy*, 771 F.Supp.2d 531, 544 (D. Md. 2011). Where a complaint offers only "labels and conclusions" or "naked assertions devoid of further factual enhancement," the allegations therein are not well-pleaded and, consistent with the Court's discretion to grant default judgment, relief based on those allegations should be denied. *See, e.g., Balt. Line Handling Co.*, 771 F.Supp.2d at 544-45 (citation modified) ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.")

## ANALYSIS

The Federal Arbitration Act "requires courts to enforce covered arbitration agreements according to their terms." *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 178 (2019). Where a plaintiff seeks default judgment of an arbitration award, the plaintiff "must show that it is entitled to confirmation of the arbitration award as a matter of law." *Choice Hotels Int'l, Inc. v. Jai Shree Navdurga, LLC*, No. 11-cv-2893, 2012 WL 5995248, at *2 (D. Md. Nov. 29, 2012) (quoting *United Cmty. Bank v. Arruarana*, No. 10-cv-248, 2011 WL 2748722, at *2 (W.D.N.C. July 13, 2011)).

### I. Jurisdiction

Pursuant to 9 U.S.C. § 9:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

It is apparent that the Court has jurisdiction pursuant to the statute. The arbitration clause in the parties' franchise agreement provides that "any controversy or claim arising out of or relating to this Agreement . . . or the breach of this Agreement . . . will be sent to final and binding arbitration," and that "[j]udgment on the arbitration award may be entered in any court having jurisdiction." ECF No. 1-1, at 1. On August 19, 2024, an arbitrator in Maryland issued an award in favor of Plaintiff. ECF No. 1, at 4. On January 31, 2025, Plaintiff sought relief in this Court – well within the one-year period allowed by the FAA. *Id.* at 6. On August 6, 2025, Plaintiff provided proof of service of the Summonses and the Application to Confirm Arbitration Award

on Defendants in this case. ECF No. 6. Finally, the parties, based separately in Maryland, Utah, and California, are diverse, and the amount Plaintiff requests is in excess of $75,000, as 28 U.S.C. § 1332 requires.

## II. Substance of the Claim

As the Fourth Circuit has explained:

> Review of an arbitrator's award is severely circumscribed. Indeed, the scope of review of an arbitrator's valuation decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation. Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law.

*Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998) (citation modified).

"If there is a valid contract between the parties providing for arbitration, and if the dispute resolved in the arbitration was within the scope of the arbitration clause, then substantive review is limited to those grounds set forth in § 10 of the Federal Arbitration Act." *Jai Shree Navdurga*, 2012 WL 5995248, at *3. Section 10 of the FAA allows vacatur of an arbitration award only:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

Default judgment is appropriate in this case. Plaintiff has sufficiently established the existence of a valid contract between the parties which the Defendants breached. There has been no showing of any of the bases on which the Court may vacate the award. Further, despite Plaintiff's service of the Summonses and the Application on Defendants in May 2026 and the Clerk's Entry of Default in July 2026, Defendants have failed to participate in this action in any way.

The only remaining question is the amount of damages. The Arbitration decision awarded Plaintiffs $129,027.57 in damages pursuant to the Agreement, as well as an additional $7,425 in arbitration fees, and $1,925 in costs arising out of the arbitration. ECF No. 1-2, at 3. Further, as alleged in the Complaint, Plaintiff has incurred an additional $400 in pursuing this action in this Court. ECF No. 1, at 6. Each of these demands shall be awarded. Regarding Plaintiff's demand for post-judgment interest, "the court need not specifically grant an award of post-judgment interest because Plaintiff is entitled to recover such interest by operation of law." *Jai Shree Navdurga*, 2012 WL 5995248, at *3*; see* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

**CONCLUSION**

For the aforementioned reasons, the undersigned recommends that Plaintiff's Motion for Default Judgment is granted.

Objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

Date: November 16, 2026

/s/
Ajmel A. Quereshi
U.S. Magistrate Judge